THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Dewayne M. Hill, Sr., <br><br> Plaintiff, <br><br> v. <br><br> John Doe and Pepsi-Cola Metropolitan Bottling Company, Inc., <br><br> Defendants. | C/A No.: __2:21-cv-710 BHH__ <br><br><br> **NOTICE OF REMOVAL** |

     Defendant Pepsi-Cola Metropolitan Bottling Company, Inc. ("Defendant"), by and through undersigned counsel, respectfully submits this Notice of Removal from the Court of Common Pleas in Berkeley County, South Carolina, to the United States District Court for the District of South Carolina, Charleston Division. The grounds for removal are as follows:

     1.    A civil action, which was filed on February 8, 2021, is now pending in the Court of Common Pleas for Berkeley County, South Carolina, bearing the case name as captioned above with Civil Action No. 2021-CP-08-00300.

     2.    Defendant was served with a copy of the Summons and Complaint on February 16, 2021, and Defendant has not filed a response in the Court of Common Pleas for Berkeley County, South Carolina.

     3.    A true and correct copy of all process, pleadings, and orders served upon Defendant is attached as Exhibit A.

     4.    As set forth in paragraph 1 of the Complaint, Plaintiff Dewayne M. Hill, Sr. ("Plaintiff") is a resident and citizen of Dorchester County, South Carolina.

5.  Defendant is a corporation organized and existing under the laws of New Jersey with a principal place of business in Purchase, New York.

6.  Plaintiff also included John Doe as a named defendant in this action. However, when analyzing removal actions based on diversity of citizenship, "[t]he citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1); *see also Price v. Allstate Ins. Co.*, C/A No. 1:14-cv-04081-JMC, 2015 U.S. Dist. LEXIS 91665, 2015 WL 4389335, at *3 (D.S.C. July 15, 2015) (finding that "[t]he citizenship of Does, who have yet to be identified, cannot be taken into consideration when determining whether removal is proper"); *Whittemore v. County Inn & Suites by Carlson, Inc.*, C/A No. 5:14-cv-01980-JMC, 2014 U.S. Dist. LEXIS 178075, 2014 WL 7446204, at *2 (D.S.C. Dec. 30, 2014); *Addison v. Travelers Indem. Co. of America*, C/A No. 1:09-cv-03086-MBS, 2010 U.S. Dist. LEXIS 84373, 2010 WL 3258585, at *1 (D.S.C. Aug. 10, 2010) (disregarding citizenship of defendant John Doe by referring to the commentary of 28 U.S.C. § 1441(a), "[t]his commentary specifically states that when defendants are given fictitious names, such as 'John Doe,' they are fictitiously named defendants").

7.  Accordingly, there is complete diversity of citizenship between Plaintiff and Defendant.

8.  This action is one of a civil nature in which Plaintiff alleges he suffered injuries and damages arising out a car accident that occurred on March 5, 2020, on Jedburg Road near Summerville, South Carolina, and that was allegedly caused by Defendant's employee or agent.

9.  Defendant desires to remove this action to this Court and, therefore, files this Notice of Removal along with attachments pursuant to 28 U.S.C. § 1441, *et seq.*

10. This Notice of Removal is timely under 228 U.S.C. § 1446(b) because Defendant has removed this action within thirty (30) days from the date of receipt of the Summons and Complaint.

11. Defendant removes this matter pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and Plaintiff and Defendant are citizens of different States.

12. Pursuant to Local Civil Rule 26.01, DSC, Defendant attaches its answers to Rule 26.01 Interrogatories as Exhibit B.

13. Written notice of the filing of this Notice of Removal will be served upon the attorneys for Plaintiff by mail, together with a copy of the Notice of Removal and supporting papers and will also be mailed for filing with the Clerk of Court for Berkeley County Court of Common Pleas, pursuant to 28 U.S.C. § 1446(d) and Local Civil Rule 83.IV.01, DSC.

14. Defendant has also complied with Rule 7.1 of the Federal Rules of Civil Procedure by filing its Corporate Disclosure Statement simultaneously with this Notice of Removal.

15. Defendant denies the allegations contained in Plaintiff's Complaint and files this Notice of Removal without waiving any defenses, objections, exceptions, or obligations that may exist in its favor in either state or federal court. Further, in making the allegations in this Notice of Removal, Defendant does not concede in any way that the allegations in the Complaint are accurate, that Plaintiff has asserted claims upon which relief can be granted, or that recovery of any of the amounts sought is authorized or appropriate.

16. Defendant also reserves the right to amend or supplement this Notice of Removal. If any questions arise as to the propriety of the removal of this case, Defendant expressly requests

the opportunity to present such further evidence as necessary to support its position that this case is removable.

WHEREFORE, Defendant hereby removes this case from the Court of Common Pleas in Berkeley County, South Carolina, to the United States District Court for the District of South Carolina, Charleston Division. Defendant respectfully requests that this Court assume jurisdiction over this matter and grant Defendant such other and further relief as this Court deems just and proper.

Respectfully Submitted,

s/Joshua S. Whitley
Joshua S. Whitley, Esquire
Fed. Bar No.: 10829
S. Tyler Graves, Esquire
Fed. Bar No.: 12832
Smyth Whitley, LLC
126 Seven Farms Drive
First Citizens Plaza, Suite 260
Charleston, South Carolina 29492
(843) 606-5635
(843) 654-4095 (fax)
jwhitley@smythwhitley.com
tgraves@smythwhitley.com

*Attorneys for Defendant*

Charleston, South Carolina
March 11, 2021