

**Service of Process Transmittal**
02/16/2021
CT Log Number 539052471

**TO:**   Pepsop Intakeparalegal
PepsiCo, Inc.
700 Anderson Hill Rd
Purchase, NY 10577-1444

**RE:**   **Process Served in South Carolina**

**FOR:**  Pepsi-Cola Metropolitan Bottling Company, Inc.  (Domestic State: NJ)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Dewayne M. Hill, Sr., Pltf. vs. John Doe and Pepsi-Cola Metropolitan Bottling Company, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 2021CP0800300 |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision |
| **ON WHOM PROCESS WAS SERVED:** | CT Corporation System, Columbia, SC |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 02/16/2021 postmarked on 02/09/2021 |
| **JURISDICTION SERVED:** | South Carolina |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780103835524<br><br>Image SOP |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>2 Office Park Court<br>Suite 103<br>Columbia, SC 29223<br>800-448-5350<br>MajorAccountTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 1 of  1 / PP




**KNIGHT & WHITTINGTON, LLC**
207 EAST THIRD NORTH STREET
POST OFFICE BOX 280
SUMMERVILLE, SC 29484-0280

CERTIFIED MAIL

7020 1810 0002 1275 0273

02 1P  $012.91°
0002600468  FEB 09 2021
MAILED FROM ZIP CODE 29483
US POSTAGE
PITNEY BOWES

C.T. Corporation System, Registered Agent
Pepsi-Cola Metropolitan Bottling Company, inc.
2 Office Park Court
Suite 103
Columbia, SC 29223



# KNIGHT & WHITTINGTON, LLC
## ATTORNEYS AT LAW

207 EAST THIRD NORTH STREET
POST OFFICE BOX 280
SUMMERVILLE, SOUTH CAROLINA 29484-0280

Kelly Knight, P.A.
David W. Whittington, P.A.
Alexander C. Craven

Troy Guerard Knight
(1966-2004)
Telephone: 843-821-9700
Facsimile: 843-821-0031

February 9, 2021

**VIA CERTIFIED MAIL, RRR, RESTRICTED DELIVERY**

C.T. Corporation System, Registered Agent
Pepsi-Cola Metropolitan Bottling Company, Inc.
2 Office Park Court
Suite 103
Columbia, SC 29223

RE: **Dewayne M. Hill, Sr. -vs- John Doe and Pepsi-Cola Metropolitan Bottling Company, Inc.**
**Case Number: 2021-CP-08-00300**

Dear Sir or Madame:

Enclosed please find the Summons and Complaint for service upon you as registered agent for the Defendant, Pepsi-Cola Metropolitan Bottling Company, Inc., in the above entitled matter. I would ask that you please forward this information on to your insurance carrier or attorney immediately upon receipt of same.

Thank you for your prompt attention to this matter.

Yours very truly,

KNIGHT & WHITTINGTON, LLC

David W. Whittington

DWW/klc
Enclosures

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FOR THE NINTH JUDICIAL CIRCUIT |
| COUNTY OF BERKELEY ) | CASE NO.: 2021-CP-08-!_____ |
| ) | |
| Dewayne M. Hill, Sr., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | SUMMONS |
| ) | |
| John Doe and Pepsi-Cola Metropolitan ) | |
| Bottling Company, Inc. ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

TO THE DEFENDANTS ABOVE NAMED:

YOU ARE HEREBY SUMMONED AND REQUIRED to answer the Complaint in this action, of which a copy is herewith served upon you, and to serve a copy of your Answer to said Complaint on the below subscribed attorney at his office at 207 East Third North Street, Summerville, South Carolina within thirty (30) days after the service hereof exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the Court for the relief demanded in this action and judgment by default will be rendered against you in the relief demanded in the Complaint.

          Respectfully submitted,

          KNIGHT & WHITTINGTON, LLC

          *S/David W. Whittington*
          David W. Whittington (Bar # 010182)
          Alexander C. Craven (Bar # 103887)
          207 East Third North Street
          Summerville, SC 29483
          P: (843)821-9700
          F: (843)821-0031
          dwhittington@knightwhittington.com
          acraven@knightwhittington.com

Summerville, SC           *Attorneys for Plaintiff*
Dated:  February 8, 2021

ELECTRONICALLY FILED - 2021 Feb 08 5:09 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800300

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FOR THE NINTH JUDICIAL CIRCUIT |
| COUNTY OF BERKELEY ) | CASE NO.: 2021-CP-08-_____ |
| ) | |
| Dewayne M. Hill, Sr., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **COMPLAINT** |
| ) | (*Jury Trial Requested*) |
| John Doe and Pepsi-Cola Metropolitan ) | |
| Bottling Company, Inc. ) | |
| ) | |
| Defendants. ) | |

COMES NOW the Plaintiff, Dewayne M. Hill, Sr., by and through undersigned counsel, complaining of the Defendants, John Doe and Pepsi-Cola Metropolitan Bottling Company, Inc., and alleges as follows:

## PARTIES

1. Plaintiff **Dewayne M. Hill, Sr.** ("Plaintiff"), at all times relevant to this action, is and was a citizen and resident of the County of Dorchester, State of South Carolina.

2. Upon information and belief, Defendant John Doe ("Defendant Doe"), at all times relevant to this action, is and was a citizen and resident of the State of South Carolina and most probably resided in either Berkeley or Dorchester County.

3. Upon information and belief, Defendant Pepsi-Cola Metropolitan Bottling Company, Inc. ("Defendant Pepsi") is a corporation duly organized and existing under the laws of the State of New Jersey and maintains its principle place of business in the County of Dorchester, State of South Carolina.

ELECTRONICALLY FILED - 2021 Feb 08 5:09 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800300

## JURISDICTION AND VENUE

4. At all relevant times herein, upon information and belief, Defendant Pepsi regularly conducted business within the State of South Carolina and maintained agents and employees in the State of South Carolina for the purpose of conducting its business.

5. The incident giving rise to this action occurred in Berkeley County, South Carolina.

6. Venue is proper in this Court, and this Court has both subject matter and personal jurisdiction over all claims and parties.

## STATEMENTS OF FACT

7. On or about March 5, 2020, Plaintiff was driving his vehicle and traveling eastbound on Jedburg Road near Summerville, South Carolina.

8. Defendant Doe was traveling westbound on Jedburg Road and crossed the center line directly in front of the Plaintiff, thereby causing Plaintiff to run off the road, damage his vehicle, and suffer injuries.

9. After causing Plaintiff's automobile wreck, Defendant Doe failed to stop his vehicle, render aid, call for assistance, or provide contact information to Plaintiff.

10. Upon information and belief, at all relevant times herein, Defendant Doe was either an employee of Defendant Pepsi or an agent of Defendant Pepsi, was driving a vehicle owned by Defendant Pepsi, and at the time of the incident in question was acting within the course and scope of his employment and/or agency with Pepsi.

## FOR A FIRST CAUSE OF ACTION
### (Negligence)

11. Plaintiff repeats the allegations of paragraphs 1-10 as if set forth herein verbatim.

12. Defendants owed Plaintiff and the other persons traveling on the roadways a duty to maintain a proper lookout, to yield the right-of-way to others lawfully on the roadway, and to

ELECTRONICALLY FILED - 2021 Feb 08 5:09 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800300

operate such vehicle in a reasonable and prudent manner so as to not cause a collision or damages to Plaintiff and other similarly situated individuals.

13. Defendants, by and through the acts and omissions of Defendant Doe, breached their duties and were negligent, negligent per se, grossly negligent, careless, reckless, willful, and wanton in one or more of the following particulars to wit:

    (a)    In improperly driving left of the center line;

    (b)    In failing to yield the right-of-way;

    (c)    In failing to maintain a proper lookout;

    (d)    In failing to apply brakes so as to avoid colliding into the Plaintiff's vehicle;

    (e)    In failing to follow the policies and procedures of Defendant Pepsi;

    (f)    In failing to stop and render aid to Plaintiff;

    (g)    In leaving the scene of a collision with injuries;

    (h)    In failing to take advantage of any last clear chance to avoid crossing into Plaintiffs lane of travel thereby forcing Plaintiff to leave the roadway, when the Defendant saw or should have seen the Plaintiff approaching his vehicle in the incoming lane;

    (i)    In failing to exercise that degree of care and caution which a reasonable and prudent person would have exercised under the same or similar conditions;

    (j)    In operating a motor vehicle with a reckless disregard for the rights and safety of others, and especially the rights and safety of the Plaintiff;

    (k)    In such other ways as may be shown at the trial of this matter.

All of which were a direct and proximate cause of the injuries and damages suffered by the Plaintiff herein, said acts occurring in violation of the statutes and laws of South Carolina.

14. As a direct and proximate result of the Defendants' negligence, negligence per se, gross negligence, carelessness, recklessness, willfulness, and wantonness as alleged individually and by and through the acts of their agents, servants and employees, Plaintiff has suffered in the past and will, upon information and belief, continue to suffer damages including the damage to his vehicle,

ELECTRONICALLY FILED - 2021 Feb 08 5:09 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800300

loss of use of the vehicle, medical bills, physical and mental pain and suffering, mental anguish and emotional distress, lost wages and loss of enjoyment of life.

### FOR A SECOND CAUSE OF ACTION
#### (Negligence/Respondeat Superior)

15.   Plaintiff repeats the allegations of paragraphs 1-17 as if set forth herein verbatim.

16.   Upon information and belief, at the time of the incident, Defendant Doe was an employee or agent of Defendant Pepsi working within the course and scope of his employment or agency with Defendant Pepsi.

17.   That Defendant Pepsi is liable pursuant to the doctrine of respondeat superior for Defendant Doe's actions occurring during the scope and course of his employment.

18.   That Defendant Pepsi, in addition to being vicariously liable for the actions of Defendant Doe, was also negligent, negligent <u>per se</u>, grossly negligent, careless, reckless, willful, and wanton in one or more of the following particulars to wit:

   (a)   In failing to properly screen potential agents, servants, and employees to determine their ability to safely and competently operate a motor vehicle;

   (b)   In failing to properly train their agents, servants and/or employees to ensure that they can safely operate a motor vehicle and understand their obligations when they cause an incident on the roadways of the state while driving a company vehicle;

   (c)   In failing to properly supervise their agents, servants and/or employees to ensure that they can competently and safely operate a motor vehicle;

   (d)   In failing to adopt proper policies and procedures to train, supervise, and/or discipline their agents, servants, and employees in connection with selection of driver applicants or in the operation of a motor vehicle while in the course and scope of their employment and/or agency;

   (e)   In failing to have policies and procedures in place to monitor the location of its agents and employees or its vehicles when traveling on the roadways of the state;

   (f)   In such other ways as may be shown at the trial of this case.

All of which were a direct and proximate cause of injuries and damages suffered by the Plaintiff herein, said acts occurring in violation of the statutes and common laws of the State of South Carolina.

19. As a direct and proximate result of the Defendants' negligence, negligence per se, gross negligence, carelessness, recklessness, willfulness, and wantonness as alleged individually and by and through the acts of their agents, servants and employees, Plaintiff has suffered in the past and will, upon information and belief, continue to suffer damages to include property damages, medical bills, physical and mental pain and suffering, mental anguish and emotional distress, lost wages, and loss of enjoyment of life.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants for actual and punitive damages, for the costs of this action, and for such other and further relief as this Court deems just, equitable and proper.

Respectfully submitted,

KNIGHT & WHITTINGTON, LLC

*S/David W. Whittington*
David W. Whittington (Bar # 010182)
Alexander C. Craven (Bar # 103887)
207 East Third North Street
Summerville, SC 29483
P: (843)821-9700
F: (843)821-0031
dwhittington@knightwhittington.com
acraven@knightwhittington.com

Summerville, SC

*Attorneys for Plaintiff*

Dated: February 8, 2021

ELECTRONICALLY FILED - 2021 Feb 08 5:09 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800300

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FOR THE NINTH JUDICIAL CIRCUIT |
| COUNTY OF BERKELEY ) | CASE NO:: 2021-CP-08-_____ |
| ) | |
| Dewayne M. Hill, Sr., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | SUMMONS |
| ) | |
| John Doe and Pepsi-Cola Metropolitan ) | |
| Bottling Company, Inc. ) | |
| ) | |
| Defendants. ) | |
| ) | |

TO THE DEFENDANTS ABOVE NAMED:

YOU ARE HEREBY SUMMONED AND REQUIRED to answer the Complaint in this action, of which a copy is herewith served upon you, and to serve a copy of your Answer to said Complaint on the below subscribed attorney at his office at 207 East Third North Street, Summerville, South Carolina within thirty (30) days after the service hereof exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the Court for the relief demanded in this action and judgment by default will be rendered against you in the relief demanded in the Complaint.

Respectfully submitted,

KNIGHT & WHITTINGTON, LLC

<u>S/David W. Whittington</u>
David W. Whittington (Bar # 010182)
Alexander C. Craven (Bar # 103887)
207 East Third North Street
Summerville, SC 29483
P: (843)821-9700
F: (843)821-0031
dwhittington@knightwhittington.com
acraven@knightwhittington.com

Summerville, SC
Dated: February 8, 2021

*Attorneys for Plaintiff*

ELECTRONICALLY FILED - 2021 Feb 08 5:09 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800300

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FOR THE NINTH JUDICIAL CIRCUIT |
| COUNTY OF BERKELEY ) | CASE NO.: 2021-CP-08-_____ |
| ) | |
| Dewayne M. Hill, Sr., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **COMPLAINT** |
| ) | (*Jury Trial Requested*) |
| John Doe and Pepsi-Cola Metropolitan ) | |
| Bottling Company, Inc. ) | |
| ) | |
| Defendants. ) | |

COMES NOW the Plaintiff, Dewayne M. Hill, Sr., by and through undersigned counsel, complaining of the Defendants, John Doe and Pepsi-Cola Metropolitan Bottling Company, Inc., and alleges as follows:

## PARTIES

1.   Plaintiff Dewayne M. Hill, Sr. ("Plaintiff"), at all times relevant to this action, is and was a citizen and resident of the County of Dorchester, State of South Carolina.

2.   Upon information and belief, Defendant John Doe ("Defendant Doe"), at all times relevant to this action, is and was a citizen and resident of the State of South Carolina and most probably resided in either Berkeley or Dorchester County.

3.   Upon information and belief, Defendant Pepsi-Cola Metropolitan Bottling Company, Inc. ("Defendant Pepsi") is a corporation duly organized and existing under the laws of the State of New Jersey and maintains its principle place of business in the County of Dorchester, State of South Carolina.

Page 1 of 5

## JURISDICTION AND VENUE

4. At all relevant times herein, upon information and belief, Defendant Pepsi regularly conducted business within the State of South Carolina and maintained agents and employees in the State of South Carolina for the purpose of conducting its business.

5. The incident giving rise to this action occurred in Berkeley County, South Carolina.

6. Venue is proper in this Court, and this Court has both subject matter and personal jurisdiction over all claims and parties.

## STATEMENTS OF FACT

7. On or about March 5, 2020, Plaintiff was driving his vehicle and traveling eastbound on Jedburg Road near Summerville, South Carolina.

8. Defendant Doe was traveling westbound on Jedburg Road and crossed the center line directly in front of the Plaintiff, thereby causing Plaintiff to run off the road, damage his vehicle, and suffer injuries.

9. After causing Plaintiff's automobile wreck, Defendant Doe failed to stop his vehicle, render aid, call for assistance, or provide contact information to Plaintiff.

10. Upon information and belief, at all relevant times herein, Defendant Doe was either an employee of Defendant Pepsi or an agent of Defendant Pepsi, was driving a vehicle owned by Defendant Pepsi, and at the time of the incident in question was acting within the course and scope of his employment and/or agency with Pepsi.

## FOR A FIRST CAUSE OF ACTION
### (Negligence)

11. Plaintiff repeats the allegations of paragraphs 1-10 as if set forth herein verbatim.

12. Defendants owed Plaintiff and the other persons traveling on the roadways a duty to maintain a proper lookout, to yield the right-of-way to others lawfully on the roadway, and to

ELECTRONICALLY FILED - 2021 Feb 08 5:09 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800300

operate such vehicle in a reasonable and prudent manner so as to not cause a collision or damages to Plaintiff and other similarly situated individuals.

13. Defendants, by and through the acts and omissions of Defendant Doe, breached their duties and were negligent, negligent <u>per se</u>, grossly negligent, careless, reckless, willful, and wanton in one or more of the following particulars to wit:

(a) In improperly driving left of the center line;

(b) In failing to yield the right-of-way;

(c) In failing to maintain a proper lookout;

(d) In failing to apply brakes so as to avoid colliding into the Plaintiff's vehicle;

(e) In failing to follow the policies and procedures of Defendant Pepsi;

(f) In failing to stop and render aid to Plaintiff;

(g) In leaving the scene of a collision with injuries;

(h) In failing to take advantage of any last clear chance to avoid crossing into Plaintiffs lane of travel thereby forcing Plaintiff to leave the roadway, when the Defendant saw or should have seen the Plaintiff approaching his vehicle in the incoming lane;

(i) In failing to exercise that degree of care and caution which a reasonable and prudent person would have exercised under the same or similar conditions;

(j) In operating a motor vehicle with a reckless disregard for the rights and safety of others, and especially the rights and safety of the Plaintiff;

(k) In such other ways as may be shown at the trial of this matter.

All of which were a direct and proximate cause of the injuries and damages suffered by the Plaintiff herein, said acts occurring in violation of the statutes and laws of South Carolina.

14. As a direct and proximate result of the Defendants' negligence, negligence per se, gross negligence, carelessness, recklessness, willfulness, and wantonness as alleged individually and by and through the acts of their agents, servants and employees, Plaintiff has suffered in the past and will, upon information and belief, continue to suffer damages including the damage to his vehicle,

loss of use of the vehicle, medical bills, physical and mental pain and suffering, mental anguish and emotional distress, lost wages and loss of enjoyment of life.

**FOR A SECOND CAUSE OF ACTION**
**(Negligence/Respondeat Superior)**

15. Plaintiff repeats the allegations of paragraphs 1-17 as if set forth herein verbatim.

16. Upon information and belief, at the time of the incident, Defendant Doe was an employee or agent of Defendant Pepsi working within the course and scope of his employment or agency with Defendant Pepsi.

17. That Defendant Pepsi is liable pursuant to the doctrine of respondeat superior for Defendant Doe's actions occurring during the scope and course of his employment.

18. That Defendant Pepsi, in addition to being vicariously liable for the actions of Defendant Doe, was also negligent, negligent per se, grossly negligent, careless, reckless, willful, and wanton in one or more of the following particulars to wit:

   (a) In failing to properly screen potential agents, servants, and employees to determine their ability to safely and competently operate a motor vehicle;

   (b) In failing to properly train their agents, servants and/or employees to ensure that they can safely operate a motor vehicle and understand their obligations when they cause an incident on the roadways of the state while driving a company vehicle;

   (c) In failing to properly supervise their agents, servants and/or employees to ensure that they can competently and safely operate a motor vehicle;

   (d) In failing to adopt proper policies and procedures to train, supervise, and/or discipline their agents, servants, and employees in connection with selection of driver applicants or in the operation of a motor vehicle while in the course and scope of their employment and/or agency;

   (e) In failing to have policies and procedures in place to monitor the location of its agents and employees or its vehicles when traveling on the roadways of the state;

   (f) In such other ways as may be shown at the trial of this case.

ELECTRONICALLY FILED - 2021 Feb 08 5:09 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800300

All of which were a direct and proximate cause of injuries and damages suffered by the Plaintiff herein, said acts occurring in violation of the statutes and common laws of the State of South Carolina.

19. As a direct and proximate result of the Defendants' negligence, negligence per se, gross negligence, carelessness, recklessness, willfulness, and wantonness as alleged individually and by and through the acts of their agents, servants and employees, Plaintiff has suffered in the past and will, upon information and belief, continue to suffer damages to include property damages, medical bills, physical and mental pain and suffering, mental anguish and emotional distress, lost wages, and loss of enjoyment of life.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants for actual and punitive damages, for the costs of this action, and for such other and further relief as this Court deems just, equitable and proper.

Respectfully submitted,

KNIGHT & WHITTINGTON, LLC

*S/David W. Whittington*
David W. Whittington (Bar # 010182)
Alexander C. Craven (Bar # 103887)
207 East Third North Street
Summerville, SC 29483
P: (843)821-9700
F: (843)821-0031
dwhittington@knightwhittington.com
acraven@knightwhittington.com

Summerville, SC

*Attorneys for Plaintiff*

Dated: February 8, 2021